OWEN SMITH, administrator, plaintiff in error, *vs.* WILLIAM D. HOWELL *et al.*, defendants in error.

Where, in a suit pending on a promissory note dated before the 1st of June, 1865, it appeared that the suit was in the name of an administrator, that a widow and minor children were the sole distributees of the estate, and that the note had been taken by the administrator as part of the consideration of a tract of land sold by him belonging to the estate:

Smith *vs.* Howell *et al.*

*Held,* That, *prima facie,* the note was due to the widow and minors, and within the exceptions to the Act of October 13, 1870, so that the tax affidavit was unnecessary.

Relief Act of 1870.    Tax affidavit.    Exceptions.    Before Judge SESSIONS.    Lowndes Superior Court.    December Adjourned Term, 1871.

Owen Smith, as administrator upon the estate of Aaron Giddens, deceased, brought complaint against William R. Manning, as administrator upon the estate of William Ashley and William D. Howell as makers, and Leroy F. Dasher and Edwin S. Dasher as indorsers, on a note dated December 27th, 1856, due one day after date, for the sum of $1,200, with a credit thereon of $70, dated April 23d, 1857.    When said cause was called for trial, defendants moved to dismiss the same because no affidavit as to payment of taxes had been filed as required by the Relief Act of 1870.

The plaintiff, Owen Smith, was sworn, who testified substantially as follows : That he, as administrator, sold certain real estate as the property of his intestate to Leroy F. Dasher and Edwin S. Dasher, who transferred the note sued on in payment therefor; that said sale occurred since June 1st, 1865 ; that said note is the property of the estate of Aaron Giddens, deceased ; that the widow and minors are the only heirs to said estate; that the indorsements were made since June 1st, 1865.

The Court dismissed the suit as to the makers, and ordered judgment against Edwin S. Dasher, one of the indorsers, there being no service as to the other ; whereupon plaintiff in error excepted and assigns said ruling as error.

PEEPLES & LYLES, represented by C. PEEPLES ; A. H. HANSELL, for plaintiff in error.

No appearance for defendants.

McCay, Judge.

We have, in several cases since the passage of the Act of 13th October, 1870, ruled that if a widow and minor children were the equitable owners of a debt, the case was within the exceptions to that Act, even though the legal title was in a guardian, executor, administrator or trustee. This is clearly such a case. At the date of the Act this note was the property equitably of these minors and the widow, in good faith, and according to the rulings we have alluded to, the case is within the exceptions to the Act.

Judgment reversed.